No. 24-3291

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

MICHAEL GRASSI *et al.*,

Plaintiffs-Appellees,

v.

JOHN GRASSI *et al.*,

Defendants-Appellants.

---

On Appeal from the United States District Court for the Northern
District of Ohio, Case No. 1:18-CV-2619-PAB

---

PLAINTIFFS'-APPELLEES' MOTION TO DISMISS APPEAL
FOR LACK OF JURISDICTION

---

Michael B. Pasternak
THE LAW OFFICE OF MICHAEL PASTERNAK
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
(216) 360-8500
mpasternak1@msn.com

Jeffrey Saks
THE SAKS LAW OFFICE LLC
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
(216) 255-9696
jsaks@sakslawoffice.com

Emmett E. Robinson
ROBINSON LAW FIRM LLC
6600 Lorain Avenue #731
Cleveland, Ohio 44102
(216) 505-6900
erobinson@robinsonlegal.org

*Attorneys for Plaintiffs-Appellees
Michael Grassi and CFOM, Inc.*

# **Table of Contents**

Table of Authorities ............................................................................ ii

Introduction ...................................................................................... 1

Relevant Facts and Procedural History ............................................... 2

Law and Argument ............................................................................ 6

    A.  The trial court's orders are not final decisions under 28 U.S.C. § 1291 and are not appealable .......................................................... 9

Conclusion ..................................................................................... 17

Certificate of Compliance ................................................................ 19

Certificate of Service ...................................................................... 19

## Table of Authorities

**Cases**

*Agema v. City of Allegan*, 552 F. App'x 549 (6th Cir. 2014) ..............8-9, 11, 14-15

*Bonner v. Perry*, 564 F.3d 424 (6th Cir. 2009) ......................................................... 8

*Campanella v. Com. Exch. Bank*, 137 F.3d 885 (6th Cir. 1998) ............................ 8

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)............................ 9, 11

*Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863 (1994) ................... 12-14, 15

*Drake v. Depuy Orthopedics, Inc.*, 757 F. App'x 449 (6th Cir. 2018).......... 6, 15-16

*FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269 (1991) ..... 6-7

*Grassi v. Grassi,* Case No. 20-3358, 2021 U.S. App. LEXIS 23181
   (6th Cir. Aug. 3, 2021) ....................................................................................... 2

*Helmac Products Corp. v. Roth Plastics Corp.*, Case No. 90-1890,
   1990 U.S. App. LEXIS 22197 (6th Cir. Dec. 14, 1990) ............................... 16-17

*Holmes v. United States*, Case No. 21-3715,
   2021 U.S. App. LEXIS 24552 (6th Cir. Aug. 17, 2021) .................................... 7

*Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976) ......................................... 7

*Miami Valley Fair Hous. Ctr., Inc. v. Steiner & Assocs.*,
   483 F. App'x 67 (6th Cir. 2012) ....................................................................... 7

*Osterman v. General R.V. Ctr., Inc.*, Case No. 20-2218,
   2021 U.S. App. LEXIS 9453 (6th Cir. Mar. 31, 2021) ...................................... 7

*Reeves v. Digital Equip. Co.*, Case No. 90-3063,
   990 U.S. App. LEXIS 5653 (6th Cir. Apr. 11, 1990)....................................... 15

*RJ Control Consultants, Inc. v. Multiject, LLC*, Case No. 22-1102,
   2023 U.S. App. LEXIS 8319 (6th Cir. Apr. 5, 2023) ...................................... 7-8

*Rudd Constr. Equipment Co. v. Home Ins. Co.*, 711 F.2d 54 (6th Cir. 1983) ..........7

*Wagner v. Burlington Industries, Inc.*, 423 F.2d 1319 (6th Cir. 1970) ................... 8

*Woosley v. Avco Corp.*, 944 F.2d 313 (6th Cir. 1991) ............................................ 7

**Statutes**

28 U.S.C. § 1291 ........................................................................... *passim*

28 U.S.C. § 1292 ........................................................................... *passim*

## Introduction

Pursuant to Fed. R. App. P. 27 and 6 Cir. R. 27(d), Plaintiffs-Appellees

Michael Grassi and CFOM, Inc. respectfully move this Court to dismiss the notice

of appeal filed by Defendants-Appellants John Grassi and Alotech Limited, LLC

because the orders from which they attempt to appeal are neither final nor

appealable.

Defendants seek to appeal from two recent orders of the District Court, one

issued March 8, 2024 (RE 301-1) and a second issued March 19, 2024 (RE 309).

The first of these orders addressed the merits of Defendants' renewed motion to

enforce the parties' settlement agreement. The second order addressed

Defendants' emergency motion for injunctive relief, which was related to their

renewed motion to enforce.

But neither of these orders is final pursuant to 28 U.S.C. § 1291, and thus

this Court lacks jurisdiction to hear this purported appeal. In the orders, the trial

court explicitly stated that it was premature for that court to issue a definitive

ruling as to whether there had been any breach of the parties' settlement

agreement, concluding that further development was necessary before that issue

could be decided. The trial court has yet to reach a final ruling, and therefore

Defendants' appeal is premature.

### Relevant Facts and Procedural History

This lawsuit involves a business dispute between two twin brothers and their respective companies. This Court has seen the case once before. *See Grassi v. Grassi*, Case No. 20-3358, 2021 U.S. App. LEXIS 23181, 2021 WL 3355475, 2021 Fed. App. 0375N (6th Cir. Aug. 3, 2021). The brothers "spent several years working together to develop a manufacturing technology called ablation casting," which they licensed. *Id*. at *1. Their dispute over "what role [Plaintiffs] played in the development process, and what payment [they] may be owed" led to this lawsuit. *Id*. The case was originally tried before a jury in March 2020. The jury rendered a verdict for Defendants, but this Court affirmed in part, reversed in part, and remanded for a new trial. *Id*. at *2.

On December 5, 2022, the day the second trial was scheduled to begin, the parties reached a settlement and executed a Term Sheet. (Minutes of Proceedings, RE 176.) The Term Sheet was to be followed by a formalized settlement agreement. The trial court subsequently dismissed the case with prejudice, though it retained jurisdiction to enforce the parties' settlement. (Order of Dismissal, RE 178.) A formalized settlement agreement did not materialize due to disagreement between the parties, and thus only the Term Sheet memorializes their agreement.

A dispute arose between the parties, and each side filed motions to enforce the Term Sheet in January 2023. In February 2023, the parties agreed, and the trial

court ordered, that a forensic examination of certain computer devices in Plaintiffs'

possession should be conducted to determine whether those devices contained

materials that should be provided to Defendants pursuant to the Term Sheet.

(Minute Order of Proceedings, RE 207.)  The parties agreed to share the cost of the

forensic review.  Over the course of many months, the forensic examiner

conducted its examination and provided some preliminary findings and reports.

The parties still could not agree on effectuation of the Term Sheet.  Ultimately,

Plaintiffs sought relief under Fed. R. Civ. P. 60(b)(6), asking the trial court to

vacate the Term Sheet and set the case for trial.  (Joint Status Report, RE 292.)

Defendants opposed that motion  and asked the District Court to grant their

renewed motion to enforce.  (Defs.' Response to Rule 60(b)(6) Request, RE 296.)

 The trial court's March 8, 2024 order granted Defendants' renewed motion

to enforce in part, denied it in part, and denied Plaintiffs' Rule 60(b) request.

(March 8, 2024 Order, RE 301-1.)  That order, by its plain language, is neither

final nor appealable.  No Fed. R. Civ. P. 54(b) language was inserted by the trial

court, and the order clearly indicates that effectuation of the Term Sheet has yet to

be implemented, has yet to be breached, and is still a work in progress.  (*Id*. at

PageID# 6616-6618.)  The trial court was clear in its order that the parties each had

steps to take the effectuate the Term Sheet.  (*Id*. at PageID# 6618-6619.)

Accordingly, the trial court essentially concluded that the parties were as they were

in the initial days following execution of the Term Sheet.  The trial court ordered

that the devices Plaintiffs had previously provided to the forensic examiner be

returned to Plaintiffs, so that Plaintiffs could review their contents to determine

what, if any, materials they contained that would be turned over to Defendants

pursuant to the Term Sheet in exchange for the promised payment.  (*Id*.)

In ruling on Defendants' renewed motion to enforce, the trial court held that

the Term Sheet contained a series of conditions precedent that had not been

fulfilled.  (March 8, 2024 Order, RE 301-1 at PageID# 6614-6617.)  It also held

that the failure to fulfill a condition precedent was not evidence of a breach.  (*Id*.)

Based upon the factual record that had been developed over the course of more

than a year, the court held that it was premature to determine whether there had

been any breach.  (*Id*. at PageID# 6616-6617.)

The trial court also made clear that more steps needed to be taken before any

determination of breach could be made.  (*Id*. at PageID# 6618-6619.)  Specifically,

the court ruled that, upon the return of the devices to Plaintiffs from the third-party

forensic examiner, Plaintiffs could review the contents of the devices to determine

whether Defendants were, under the terms of the Term Sheet, entitled to

possession of any of the materials contained thereon.  (*Id*.)  "If none are Alotech's,

Plaintiffs could provide such proof to Defendants and, presumably, demand

payment.  If any are Alotech's, Plaintiffs could return those files to Defendants

and, presumably, demand payment." (*Id.*)  The court noted that, if Defendants then refused payment, that could be a basis for Plaintiffs to file a new motion to enforce with the court, or to renew their Rule 60(b)(6) request.  (*Id.* at PageID # 6619 n.2.) "Whatever Plaintiffs decide to do, it shall be at their own expense and on their own timeline." (*Id.*)  The trial court also held that because Plaintiffs "have 'lost confidence' in the forensic examiner . . . Plaintiffs are free to find and pay for their own forensic examiner from this point forward." (*Id.*)

An appeal of an interlocutory order is governed by 28 U.S.C. § 1292. Defendants never asked the trial court to include Rule 54(b) language, nor did Defendants ask the trial court to certify, pursuant to 28 U.S.C. § 1292(b), that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Further, pursuant to § 1292(b), the time to make such a request has long ago passed.[1]

Defendants then filed an "emergency" motion for injunctive relief (RE 303), which the trial court granted in part in its March 19, 2024 Order.  (March 19, 2024 Order RE 309.)  The court denied Defendants' motion – which, despite the court's March 8 order, sought an injunction barring return of the disputed devices to Plaintiffs – because there had been no determination that this the devices contained

---

[1] As explained in further detail below, the District Court's Orders do not qualify as "collateral orders" because they do not meet the necessary requirements.  Nor do the Orders come within the definition in 28 U.S.C. § 1292(b).

Defendants' "property" as that term is defined in the parties' Term Sheet. (March 19, 2024 Order, RE 209, at PageID# 6712-6713.) But the trial court did grant Defendants' request that forensic examiner make and retain a copy of the devices, and also granted Defendants' request for a 30-day stay of the order to return the devices to Plaintiffs, to provide the forensic examiner time to make copies and to determine whether returning the devices and data to Plaintiffs will interfere with any still pending grand jury subpoena. (*Id*. at PageID# 6713-6714.)

On April 5, 2024, Defendants filed a notice of appeal of both Orders. (RE 314.)

### Law and Argument

"The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. If a district court's order is not final, then a court of appeals cannot, except in limited circumstances not at issue here, exercise jurisdiction over an appeal of that order, and the appeal must be dismissed. "A decision is final for purposes of § 1291 if the district court's decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Drake v. Depuy Orthopedics, Inc*., 757 F. App'x. 449, 452 (6th Cir. 2018) (citations omitted). For a ruling to be final, "it must end the litigation on the merits and the judge must clearly declare his

intention in this respect." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 273-74 (1991) (citations and internal quotation marks omitted).

"[W]here assessment of damages or awarding of other relief remains to be resolved," judgments "have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). *See also Rudd Constr. Equipment Co. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983) (same); *Woosley v. Avco Corp.*, 944 F.2d 313, 316 (6th Cir. 1991) (same); *Osterman v. General R.V. Ctr., Inc.*, Case No. 20-2218, 2021 U.S. App. LEXIS 9453, at *1-*2, 2021 WL 2384350 (6th Cir. Mar. 31, 2021) (same).

Subject matter jurisdiction is a "threshold matter" that must be decided first before addressing the merits or any other issues in a case. *Miami Valley Fair Hous. Ctr., Inc. v. Steiner & Assocs.*, 483 F. App'x 67, 70 (6th Cir. 2012).[2] Subject matter jurisdiction is so important that even if "the issue of subject matter jurisdiction was not raised by the parties, 'it is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.'" *RJ Control Consultants, Inc. v. Multiject, LLC*, Case No. 22-1102, 2023 U.S. App. LEXIS

---

[2] Thus, this Court must first determine whether it has subject matter jurisdiction before it rules on Defendants' Emergency Motion for Stay and Injunction Pending Appeal, which they filed on April 17, 2024. *E.g., Holmes v. United States*, Case No. 21-3715, 2021 U.S. App. LEXIS 24552, at *4 (6th Cir. Aug. 17, 2021) (dismissing appeal for lack of jurisdiction, denying motion to stay as moot).

8319, at *3, 2023 WL 2785764, 2023 Fed. App. 0157N (6th Cir. Apr. 5, 2023) (citing *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998)). *See also Bonner v. Perry*, 564 F.3d 424, 426 (6th Cir. 2009) ("Although the parties did not raise the issue of appellate jurisdiction in their briefs, 'we are under an independent obligation to police our own jurisdiction,' and thus we can raise the issue of jurisdiction sua sponte." (citation omitted)); *Wagner v. Burlington Industries, Inc.*, 423 F.2d 1319, 1321 (6th Cir. 1970) (a Circuit Court of Appeals "is bound . . . to inquire into its jurisdiction to entertain an appeal, even though the question is not raised by the parties." (citation omitted)).

"This Court generally has jurisdiction only over 'final decisions' of the district courts pursuant to 28 U.S.C. § 1291 . . . ." *Agema v. City of Allegan*, 552 F. App'x. 549, 550 (6th Cir. 2014) (citations omitted). There are limited exceptions to this rule. A court of appeals may, but need not, consider a non-final decision where "a party requests that the district court certify its order for interlocutory review under 28 U.S.C. § 1292(b)," and the district court agrees to do so. *Id.*[3]

_____

[3] Section 1292(b) provides:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its

"The Supreme Court has long given § 1291 a 'practical construction,' . . . and this practical construction has resulted in the development of the collateral order doctrine." *Agema*, 552 F. App'x. at 550 (citations omitted).  To constitute a "collateral order," the district court order must meet three conditions established by the United States Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), the order must: "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Agema,* 552 F. App'x 551 (citations omitted).

**A.    The trial court's orders are not final decisions under 28 U.S.C. § 1291 and are not appealable.**

The trial court's March 8 orders is not a final decision under § 1291, and neither of the just-noted exceptions to the rule of § 1291 applies here.  That is, Defendants did not seek to have the trial court certify the propriety of an interlocutory appeal under an issue under §1292(b), and this appeal does not meet

---

discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

28 U.S.C. § 1292(b).

the requirements of the collateral-order rule.  Likewise, the trial court's March 19

order, which is directly related to its March 8 order, is not final and appealable, and

neither of the exceptions applies to it either.

The March 8 order addressed Defendants' renewed motion to enforce, but it

did not constitute a final order.  It was, by its own terms not the trial court's final

word on the subject.  It did not conclusively allocate any rights or conclusively

dispose of any legal issue.  Rather, the March 8 order made clear that it was an

interim order and that further steps needed to be taken to make a final

determination of Defendants' motion to enforce.  (March 8, 2024 Order RE 301-1

at PageID# 6618-6619.)  The March 8 order further stated  that while the trial court

was denying Plaintiffs' motion for relief under Rule 60(b)(6) for the time being,

that denial, too, was interim, and explicitly acknowledged that Plaintiffs might be

able to renew their Rule 60(b)(6) motion in the future once further steps to

effectuate the Term Sheet were taken.  (*Id*.)

According to the March 8 order, the following steps still needed to be taken

by the parties in order for the court to render a final decision on Defendants'

motion to enforce:  (1) Plaintiffs are to get their devices back from the forensic

examiner; (2) Plaintiffs are to review the contents of the devices; (3) Plaintiffs are

to either (a) notify Defendants that the devices contain no files belonging to

Defendants, or (b) identify all files belonging to Defendants and return those files

to them; (4) Defendants either agree to pay Plaintiffs, or Defendants refuse to pay;

and, (5) if Defendants refuse to pay, Plaintiffs can file a new motion to enforce or a

renewed Rule 60(b) motion.  (March 8, 2024 Order RE 301-1 at PageID# 6618-

6619.)[4]

Based upon these additional steps that still need to be taken, as well as the

lack of any damages award or other definitive determination by the trial court, it is

clear that the trial court's order are not final judgments under § 1291, and are not

appealable.  Further, the § 1292(b) exception does not apply, as Defendants failed

to request that the trial court issue such a certification.

Moreover, even were this Court to ignore that lack of a certification, neither

of the trial court's orders constitutes a "collateral order."  "Because § 1291

implicates our subject matter jurisdiction, a party invoking the collateral order

doctrine must meet *all* of the [Supreme Court's] *Cohen* requirements detailed

above before its interlocutory appeal may proceed in this Court."  *Agema*, 552 F.

App'x. at 551 (citing *Cohen*, 337 U.S. at 546; emphasis in original).

The March 8 order does not meet any of the three requirements to be

considered a collateral order, let alone all three criteria.  The March 8 order does

---

[4] Because the trial court's March 8 order is not final, neither is the March 19 order,
which merely rebuffed Defendants' attempt to halt the interim March 8 order.
Defendants did not ask the trial court for certification of the March 19 order under
§ 1292(b).

not conclusively determine the disputed question of Defendants' motion to enforce, because there are many further steps that first need to be taken by the parties. Nor did the order resolve an important issue, because the issue cannot be decided until the further steps are taken. Nor would the order be effectively unreviewable on appeal from a final judgment. Rather, Defendants would be able to appeal the trial court's final judgment on their motion to enforce after the additional steps listed by the District Court are taken by the parties, and the District Court – at a future date – issues a final judgment. The same is true of the trial court's March 19 order.

This is not a case of first impression. In *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863 (1994), the Supreme Court held that a district court's denial of a motion to enforce a settlement was not a final appealable order, and also did not constitute a collateral order. In that case, the parties had a trade name dispute, and Desktop Direct filed suit. The parties engaged in settlement negotiations, reached a confidential settlement, and the lawsuit was dismissed. *Id*. at 865-66. "Several months later, Desktop moved to vacate the dismissal and rescind the settlement agreement, alleging misrepresentation of material facts during settlement negotiations." *Id*. at 866. The district court granted the motion, and Digital Equipment appealed. *Id*. The Court of Appeals for the Tenth Circuit dismissed the appeal for lack of jurisdiction, holding that the district court's order

12

was not a final, appealable order under § 1291, and it did not meet the three-prong

test to be considered a collateral order.  *Id.*

The Supreme Court affirmed the Tenth Circuit's dismissal.  It held that the

"collateral order doctrine is best understood not as an exception to the 'final

decision' rule laid down by Congress in § 1291, but as a 'practical construction' of

it."  *Id*. at 867 (citations omitted).  "We have repeatedly held that the statute

entitles a party to appeal not only from a district court decision that 'ends the

litigation on the merits and leaves nothing more for the court to do but execute the

judgment,' but also from a narrow class of decisions that do not terminate the

litigation, but must, for the interest of 'achieving a healthy legal system,'

nonetheless be treated as final."  *Id*. (citations omitted).  "The latter category

comprises only those district court decisions that are conclusive, that resolve

important questions completely separate from the merits, and that would render

such important questions effectively unreviewable on appeal from final judgment

in the underlying action."  *Id*. (citations omitted).

"But," the Supreme Court held, "we have also repeatedly stressed that the

'narrow' exception should stay that way and never be allowed to swallow the

general rule that a party is entitled to a single appeal, to be deferred until final

judgment has been entered, in which claims of district court error at any stage of

the litigation may be ventilated.  We have accordingly described the conditions for collaterals order appeal as stringent." *Id*. at 868 (citations omitted).

Thus, the Supreme Court held that the district court decision refusing to enforce the parties' settlement agreement is "the sort of (asserted) contractual right [that] is far removed from those immediately appealable decisions involving rights more deeply rooted in public policy, and the rights Digital asserts may, in the main, be vindicated through means less disruptive to the orderly administration of justice than immediate, mandatory appeal." *Id*. at 884.  "We accordingly hold that a refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply the basis for an immediate appeal under § 1291." *Id*.

On numerous occasions in similar contexts, this Court has dismissed appeals that were taken from non-final judgments because the Court lacked subject matter jurisdiction.  For example, in *Agema*, this Court dismissed an appeal taken from a district court's decision to not enter a Rule 68 offer of judgment made by the Defendants, holding that "[t]he district court's refusal to enter the offer of judgment was not a 'final decision' within the meaning of 28 U.S.C. § 1291, and the issue appealed is not one of the 'small class' of decisions that fit within the collateral order doctrine . . . ." 552 F. App'x. at 549-550.  This Court cited to the Supreme Court's holding in *Digital Equipment* that "'a refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not

14

supply the basis for an immediate appeal under § 1291.'" 552 F. App'x. at 552

(citing *Digital Equipment*, 511 U.S. at 884).

In *Reeves v. Digital Equip. Co*., Case No. 90-3063, 1990 U.S. App. LEXIS

5653 (6th Cir. Apr. 11, 1990), the district court denied a motion to dismiss and

enforce a settlement, and defendant appealed. "A Clerk's order was issued by this

Court . . . directing the defendant to state why the appeal should not be dismissed

for lack of a final, appealable order." *Id*. at *1. Defendant argued that the order

was a collateral order, and this Court disagreed. "[W]e conclude that the orders in

the instant case are not immediately appealable collateral matters," and the appeal

was dismissed. *Id*. at *2.

In *Drake*, the district court granted plaintiffs' motion to enforce a settlement

agreement that the parties entered into as part of a multidistrict litigation related to

a hip implant recall. 757 F. App'x. at 450. There was a dispute between Plaintiffs

and their former counsel over an award of attorneys' fees, which were awarded

through an arbitration proceeding.[5] The district court granted Plaintiffs' motion to

enforce the settlement agreement, "but declined to rule on whether to vacate the

---

[5] The parties in *Drake* disputed the amount of attorneys' fees, and also disagreed
over the proper forum for arbitration proceedings. *Id*. The plaintiffs' former
attorney received an arbitration award from an arbitrator in Texas, over the
plaintiffs' objections. *Id*. There also had been a decision by a district court in
Texas denying the attorney's motion to compel arbitration, finding it lacked
jurisdiction over the plaintiffs. *Id*.

arbitrator's award, finding that the award is not binding on the district court." *Id.*
The former attorney appealed, and this Court dismissed the appeal for lack of a
final, appealable order. "Here, the Ohio district court faced two separate tasks.
First, it had to determine whether to enforce the settlement agreement reached by
the parties in the MDL Action. Second, it had to resolve whether the Texas
arbitration award should be vacated." *Id.* at 453. "The court decided the first issue
by granting the Drakes' motion after analyzing why the MDL Action's settlement
agreement required the parties to litigate their fee dispute through the MDS
Action's pre-established process." *Id.* "The district court did not decide the
second issue. It '[found] it unnecessary to address the motion to vacate the
arbitration award as it has no binding effect on the resolution of fees in this case.'"
*Id.* "The district court's inaction left the issue of how to deal with the arbitration
award unresolved, and its order is not a final resolution that ends the litigation on
the merits. As such, the district court's order was not a final order, and this court
does not possess appellate jurisdiction under 28 U.S.C. § 1291." *Id.*

In *Helmac Products Corp. v. Roth Plastics Corp.*, Case No. 90-1890, 1990
U.S. App. LEXIS 22197 (6th Cir. Dec. 14, 1990), the district court denied a motion
to enforce settlement, and it also vacated a prior order of dismissal and reinstated
the case. Defendant appealed, and the Plaintiff moved to dismiss the appeal on the
grounds that it was not taken from a final, appealable order. This Court agreed and

dismissed the appeal. Rejecting Defendants' argument that the district court order constituted a collateral order, this Court held: "The instant case does not fall within the *Cohen* collateral order exception. The district court's order has not precluded the parties from further attempts at settlement, nor is it unreviewable on appeal from final judgment." *Id*. at *2.

The above holdings are squarely applicable to this case. The March 8 and March 19 orders are not final judgments under § 1291. Nor do they meet the criteria to be considered collateral orders under § 1292(b). Further, the trial court did not include, and Defendants never requested, a certification that either of these orders were immediately appealable. For these basic reasons, Defendants appeal should be dismissed.

### Conclusion

For the foregoing reasons, Plaintiffs-Appellees respectfully request that Defendants' appeal be dismissed.

April 18, 2024                         Respectfully submitted,

                                       /s/ *Jeffrey Saks*
                                       Michael B. Pasternak
                                       E-mail: *Mpasternak1@msn.com*
                                       The Law Office of Michael Pasternak
                                       3681 South Green Road, Suite 411
                                       Beachwood, Ohio 44122
                                       Telephone: (216) 360-8500
                                       Facsimile: (216) 360-8501

                                       Jeffrey Saks

E-mail: jsaks@sakslawoffice.com
The Saks Law Office, LLC
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
Telephone: (216) 255-9696

Emmett E. Robinson
E-mail: *erobinson@robinsonlegal.org*
ROBINSON LAW FIRM LLC
6600 Lorain Avenue #731
Cleveland, OH 44102
(216) 505-6900

*Counsel for Plaintiffs-Appellees*
*Michael Grassi and CFOM, Inc.*

## Certificate of Compliance With Type-Volume Limit

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the portions of this filing that are exempted under Fed. R. App. P. 32(f), this document contains 4,247 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Jeffrey Saks*
Jeffrey Saks

*Attorney for Plaintiffs-Appellees*
*Michael Grassi and CFOM, Inc.*

## Certificate of Service

I hereby certify that on April 18, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts through its electronic filing system. All counsel of record for the parties will receive notice of this filing and can access the filing by operation of the Court's electronic filing system.

*/s/ Jeffrey Saks*
Jeffrey Saks

*Attorney for Plaintiffs-Appellees*
*Michael Grassi and CFOM, Inc.*