No. 24-3291

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**CFOM, INC. and MICHAEL GRASSI**

*Plaintiffs-Appellees*

v.

**ALOTECH LIMITED, LLC and JOHN GRASSI**

*Defendants-Appellants*

On Appeal from the United States District Court
for the Northern District of Ohio
Case No. 1:18-cv-2619

**DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY AND INJUNCTION PENDING APPEAL**

Aaron M. Herzig
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
aherzig@taftlaw.com

John R. Mitchell
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
(216) 706-3909
jmitchell@taftlaw.com

*Counsel for Defendants-Appellants*
*Alotech Limited, LLC and John Grassi*

Appellees' Opposition makes clear that they hope to deprive Alotech, right now, of a key benefit of the bargain to which Alotech is entitled under the Term Sheet—namely, return of its Trade Secrets. Once the Trade Secrets are back in Appellees' hands, with no ability for Alotech to know what Appellees are doing with them, that part of the benefit of the bargain is lost. If an injunction pending appeal is not entered, a central part of this appeal will be lost before Alotech can have it decided by this Court.

Appellees' Opposition tries to muddy the waters, but Alotech's request for an injunction pending appeal is straightforward. Appellees should not take possession of Alotech's Trade Secrets until this Court has determined whether the District Court's interpretation of the Term Sheet is correct. The District Court's interpretation underlies its decision to let Appellees, rather than a third party, take possession of the property and then send Alotech's Trade Secrets back to it. If the District Court is wrong, then so is its proposed remedy.

Alotech offers the following key points to make clear what Appellees have tried to obscure:

1.    This *is* a trade secret case. The parties agreed on December 5, 2022 that the "intellectual property and trade secrets" at issue are Alotech's. (R. 181-1, Term Sheet, ¶ 4, Page ID 4820.) And it is plain from the face of the Term Sheet that the return of those Trade Secrets is the main consideration that Alotech is to receive.

The Court should ignore Appellees' weak attempt to dispute what is black-and-white in the Term Sheet.

2. Appellees were obligated to return the Trade Secrets within twenty days, and they did not. (*Id.*, ¶ 4, Page ID 4820; R. 275-1, Declaration of J. Grassi dated September 29, 2023) ("J. Grassi Decl.") ¶23, PageID 6343 (redacted per court order, R. 273, Order, PageID 6063).) Alotech was similarly required to return the personal property of Appellees, which Alotech did. (R. 181-1, Term Sheet, ¶ 5, Page ID 4820; R. 215, Transcript from 2/10/2023 hearing, PageID 5388.) When Appellees failed to return the Trade Secrets, Alotech promptly moved to enforce and has continued to seek enforcement of the Term Sheet in the year since.

3. The record is filled with evidence of Appellees' attempts to copy, delete, misappropriate, and otherwise conceal Alotech's Trade Secrets in direct violation of the Term Sheet. (*See* Alotech's Motion at 3.) As just one example, Michael Grassi admitted under oath that he deleted portions of Alotech's Trade Secrets. (R. 215, Transcript from 2/10/2023 hearing, PageID 5426.) The District Court in that same hearing noted Michael Grassi's testimony regarding his use and possession of the Trade Secrets was "different than [his] responses earlier to [the District Court]." (*Id.*, PageID 5427.) Appellees' claims to the contrary do not stack up against the record.

4. The Trade Secrets were ordered into Ernst & Young's ("EY") possession by the District Court to determine the full extent of Trade Secrets contained on the devices and establish Appellees' wrongdoing relating to the same. (R. 215, Transcript from 2/10/2023 hearing, page 5508.) That process is undone if Appellees are handed back those devices and the Trade Secrets.

5. EY has safely held the Trade Secrets for more than a year. Despite the Court's conclusion that Appellees "may have failed to return all [Alotech's] data," the Court nevertheless terminated the forensic examination before conclusive results could be established. (R. 301-2, Order, PageID 6630, 6839.) There is no sudden change requiring immediate movement of the Trade Secrets to Appellees or anyone else. The timeline is driven solely by when the District Court issued its Orders.

6. The District Court explicitly found that as a result of Appellees' non-performance, Alotech's obligation to render payment is excused (at least for now). (*See id.*, PageID 6629.) Thus, Appellees' concerns as to Alotech's ability to pay are irrelevant and no bond should be necessary. If the Court believes a bond is required, it should be no more than the costs incurred by EY to keep the property in its possession.

The Court should issue an injunction maintaining the status quo while this appeal is pending.

Respectfully submitted,

*/s/ Aaron M. Herzig*
Aaron M. Herzig
aherzig@taftlaw.com
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Phone: (513) 381-2838

John R. Mitchell
jmitchell@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
Phone: (216) 706-3909

*Counsel for Appellants*
*Alotech Limited, LLC and John Grassi*

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(C) because it contains 749 words. This reply also complies with the type-face requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

*/s/ Aaron M. Herzig*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Aaron M. Herzig*