No. 24-3291

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

### CFOM, INC. and MICHAEL GRASSI

*Plaintiffs-Appellees*

v.

### ALOTECH LIMITED, LLC and JOHN GRASSI

*Defendants-Appellants*

On Appeal from the United States District Court
for the Northern District of Ohio
Case No. 1:18-cv-2619

## APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO DISMISS FOR LACK OF JURISDICTION

| | |
|---|---|
| Aaron M. Herzig | John R. Mitchell |
| Taft Stettinius & Hollister LLP | Taft Stettinius & Hollister LLP |
| 425 Walnut Street, Suite 1800 | 200 Public Square, Suite 3500 |
| Cincinnati, OH 45202 | Cleveland, OH 44114-302 |
| (513) 381-2838 | (216) 706-3909 |
| aherzig@taftlaw.com | jmitchell@taftlaw.com |

*Counsel for Defendants-Appellants*
*Alotech Limited, LLC and John Grassi*

This Court's April 18, 2024 Order (Doc. 17) implicitly settles the question of the Court's jurisdiction. But in an abundance of caution, Appellants submit this response to Appellees' motion to dismiss for lack of jurisdiction (Doc. 16).

Appellees argue that this Court lacks jurisdiction over this appeal because the orders appealed from are not final orders under 28 U.S.C. § 1291 or interlocutory orders that qualify for immediate appeal under 28 U.S.C. § 1292(b).

Appellees skipped over 28 U.S.C. § 1292(a)(1), which, by its plain language, requires this Court to take jurisdiction in this appeal because it involves the review of orders granting and denying injunctions. Section 1292(a)(1) states:

> (a) … the courts of appeals shall have jurisdiction of appeals from:
>
> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court…

The orders being appealed from are:

1. The March 8 Order, which, among other things, "denies Defendants' request for a permanent injunction" (ECF. No. 301, Order, PageID 6604); and

2. The March 19 Order, which "GRANTS IN PART and DENIES IN PART Defendants' Motion for Preliminary Injunction" (ECF No. 309, Order, PageID 6712).

If the orders weren't clear enough, the District Court explained what it did in its order denying Appellants' motion for an injunction pending appeal:

> 28 U.S.C. § 1292 provides that the court of appeals "shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions." 28 U.S.C. § 1292(a)(1). **In its March 8 and March 19, 2024 Memorandum Opinions and Orders, the Court denied Defendants' requests for injunctions.** Therefore, these Orders are appealable, non-final orders. *See, e.g.*, *Crane v. Washington*, 2019 U.S. App. LEXIS 104 at *2 (6th Cir. Jan. 2, 2019) (citing 28 U.S.C. § 1292(a)(1)) ("An order denying an injunction is immediately appealable.").

(ECF No. 322, Order, PageID 6835, n. 2 (emphasis added).)

Appellees cite a number of cases in their motion, but none of them support the notion that orders that plainly grant or deny injunctions are not immediately appealable. Indeed, only two of those cases discuss injunctions at all. Unsurprisingly, both of those cases confirm that this Court has jurisdiction over this appeal. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (court lacked jurisdiction because no injunction was involved, but "[i]f the District Court had granted injunctive relief but had not ruled on respondents' other requests for relief, this interlocutory order would have been appealable under § 1292(a)(1)."); *Woosley v. Avco Corp.*, 944 F.2d 313, 317 (6th Cir. 1991) ("Even if this Court were to decide the judgment … was not final, the judgment was appealable under 28 U.S.C. § 1292(a)(1). Section 1292 gives the Court … jurisdiction over appeals from

2

interlocutory orders of a district court granting or continuing an injunction. The order … was clearly an injunction.").[1]

Under 28 U.S.C. § 1292(a)(1), the Court has jurisdiction over this appeal. Appellees' motion to dismiss should be denied.

Respectfully submitted,

*/s/ Aaron M. Herzig*
Aaron M. Herzig
aherzig@taftlaw.com
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838

John R. Mitchell
jmitchell@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
Phone: (216) 706-3909

*Counsel for Appellants*
*Alotech Limited, LLC and John Grassi*

---

[1] Appellees seem to be arguing that even though the orders plainly state that they are granting and/or denying injunctions (and even though the District Court said that that is precisely what it was doing), the orders are not immediately appealable because they happen to relate to the parties' efforts to enforce a settlement agreement. None of their cases support that notion. The statute does not distinguish among types of injunctions based on the subject-matter that the injunction is directed to. In any event, the injunctions requested by Appellants were directed at preventing Appellees' from obtaining Appellants' intellectual property and trade secrets. (*See generally* Doc. 14, Emergency Motion for Stay and Injunction Pending Appeal (Apr. 17, 2024).)

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because it contains 669 words. This opposition also complies with the type-face requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

*/s/ Aaron M. Herzig*

## CERTIFICATE OF SERVICE

I certify that on April 26, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Aaron M. Herzig*