No. 24-3291

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

MICHAEL GRASSI *et al.*,

Plaintiffs-Appellees,

v.

JOHN GRASSI *et al.*,

Defendants-Appellants.

_____

**On Appeal from the United States District Court for the Northern District of Ohio, Case No. 1:18-CV-2619-PAB**

_____

## PLAINTIFFS'-APPELLEES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

_____

Michael B. Pasternak
THE LAW OFFICE OF MICHAEL PASTERNAK
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
(216) 360-8500
mpasternak1@msn.com

Jeffrey Saks
THE SAKS LAW OFFICE LLC
3681 South Green Road, Suite 411
Beachwood, Ohio 44122
(216) 255-9696
jsaks@sakslawoffice.com

Emmett E. Robinson
ROBINSON LAW FIRM LLC
6600 Lorain Avenue #731
Cleveland, Ohio 44102
(216) 505-6900
erobinson@robinsonlegal.org

*Attorneys for Plaintiffs-Appellees*
*Michael Grassi and CFOM, Inc.*

In their opposition brief, Defendants concede, as they must, that the two orders from which they attempt to appeal are not final judgments under 28 U.S.C. § 1291. They also concede that the orders do not include Rule 54(b) language or a certification, pursuant to 28 U.S.C. § 1292(b), that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Instead, Defendants' one and only argument is that their appeal is proper because it "involves the review of orders granting and denying injunctions" pursuant to 28 U.S.C. § 1292(a)(1). (Opp. at 1.) This argument lacks merit, and Defendants fail to support it with citation to a single case holding that orders like these are indeed appealable under § 1292(a)(1). The law is clear that simply labeling a motion as a request for an "injunction" does not, regardless of substance, magically render the resultant ruling immediately appealable under § 1292(a)(1). Instead, this Court's precedent holds that § 1292(a)(1) only applies where a true request for injunctive relief was part of the original complaint or counterclaim or was a central aspect of the trial-court action. Defendants' strategically denominated "injunction" request falls far short of this standard, and thus their appeal remains improper.

## ARGUMENT

**I.    A True Injunction Must Be Squarely at Issue Before § 1292(a)(1) May Be Invoked.**

"To determine whether an order falls within one of the 28 U.S.C.

§ 1292(a)(1) categories," this Court "look[s] beyond the motion's caption to its

substance." *Gooch v. Life Investors Ins. Co.*, 672 F.3d 402, 414 (6th Cir. 2011)

(citation and internal quotation marks omitted). *See also Northeast Cable TV, LLC

v. DirecTV, LLC,* Case No. 19-3721, 2020 U.S. App. LEXIS 3731, at *3 (6th Cir.

Feb. 6, 2020) (dismissing appeal and holding that "[t]he label attached to an order

by the trial court is not decisive, and the court looks to the nature of the order and

the substance of the proceeding below to determine whether the rationale for

denying appeal applies." (citation omitted)). "As an exception from the general

rule that we may hear appeals only from final judgments of district courts,

§ 1292(a)(1) must be construed narrowly." *R.E. Dailey & Co. v. John Madden

Co.*, Case No. 92-1397, 1992 U.S. App. LEXIS 34935, at *3 (6th Cir. Dec. 15,

1992).

Moreover, § 1292(a)(1) "is . . . intended to allow appeals only from

injunctive orders arising from a district court's traditional powers of equity." *Id.* at

4. "Only an order effectively on the merits, coupled with an irreparable effect on

the merits, amounts to the grant or denial of an interlocutory injunction." *Uehlein

v. Jackson Nat'l Life Ins. Co.*, 794 F.2d 300, 302 (7th Cir. 1986). "[I]n using the

word 'injunctions' in 28 U.S.C. § 1292(a)(1) Congress had in mind traditional orders in equity." *Korea Shipping Corp. v. New York Shipping Ass'n*, 811 F.2d 124, 126 (2d Cir. 1987). "Thus, when it provided for interlocutory appeals of preliminary 'injunctions,' Congress meant orders issued pursuant to the equity powers of the district courts, not those issued under statut[ory]" or other authority. *Id.*

"[O]rders that merely regulate the course of proceedings do not qualify" under § 1292(a)(1). *Swanson v. DeSantis*, 606 F.3d 829, 832 (6th Cir. 2010). "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and is not appealable under § 1292(a)(1)." *Id.* (citation and internal quotation marks omitted).

## II.   Neither Order Here Falls within the Narrow Parameters of § 1292(a)(1).

Defendants contend that the trial court's March 8 and March 19 Orders both "refus[ed] . . . injunctions" as that phrase is used in § 1292(a)(1) and, thus, Defendants' appeal from both orders is proper. Their argument as to both orders is erroneous for multiple reasons.

### A. The March 8 Order Is Not Immediately Appealable Pursuant to § 1292(a)(1).

There are at least three reasons why § 1292(a)(1) does not operate to make the trial court's March 8 order immediately appealable.

First, the "injunctive" portion of the March 8, 2024 order was issued in response to Defendants' October 2, 2023 Renewed Motion to Enforce Term Sheet. (*See* RE 301-1 at PageID# 6606.) But this portion of the March 8, 2024 order merely reiterated what the trial court had already held with respect to the "injunctive" portion of Defendants' motion. Long before March 8, 2024—in an order dated October 5, 2023—the trial court, addressing the request for "injunctive" relief, held that it was required to "enforce the settlement as agreed to by the parties and [was] **not permitted to alter the terms of the agreement**. *Brock v. Scheuner Corp.*, 841 F.2d 15, 154 (6th Cir. 1988)." (RE 279 at PageID# 6351 (emphasis in original).) The court squarely held on that date that Defendants' October 2, 2023 request for a permanent injunction went beyond the Term Sheet and thus refused to issue an injunction. (*Id.* ("But [the parties] did not agree to a permanent injunction preventing Plaintiffs from using that property. If the Court were to enter one now, it would amount to an alteration of the parties' agreement, which the Court lacks authority to do.").) Therefore, if Defendants are correct that the trial court's denial of their request for a permanent injunction does, in fact, give rise to an interlocutory appeal, the trial court made that decision way back on October 5, 2023, and Defendants' window for appeal closed long ago.

Second, the "injunction" request here was completely unrelated to the relief sought in the complaint and counterclaims in this case. *See, e.g., Dunn v. Savage,*

524 F.3d 799, 804 (6th Cir. 2008) ("Because the . . . counter-complaint did not demand injunctive relief, the stay . . . order is not considered an injunction that is appealable under § 1292(a)."); *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 406 (2d Cir. 1963) (§ 1292(a)(1) "relat[es] to injunctions which give or aid in giving some or all of the substantive relief sought by a complaint . . . and not [to] restraints or directions in orders concerning the conduct of the parties or their counsel"). Defendants first invoked the term "injunction" in their October 2, 2023 renewed motion to enforce. (RE 275.)  That was more than five years after Michael Grassi left Alotech with his laptop (supposedly containing valuable "trade secrets"); four years after Defendants filed their answer and counterclaims (making no mention of injunctive relief); and nearly a year after the Term Sheet was signed and the litigation dismissed.  The March 8 order (and March 19 order, for that matter) relate simply to motions to enforce the Term Sheet, nothing more.  The Term Sheet that the parties signed on December 5, 2022 does not contemplate an injunction. Nor was the issue raised by Defendants in their original motion to enforce the Term Sheet filed in January 2023.  It only was raised by Defendants as an improper attempt to rewrite the Term Sheet (which the trial court correctly held it lacked jurisdiction to do) and manufacture a vehicle for obtaining premature appellate review.

Third, not everything that a party characterizes as an "injunction" falls within the narrow § 1292(a)(1) exception to the general rule barring interlocutory appeal. Consider this Court's decision in *R.E. Dailey*. There, the parties had a dispute regarding a construction project, and signed a settlement providing that plaintiff would not file any construction lien against the project. *Id*. at *1. The plaintiff sued to rescind the agreement and sought money damages and also filed a construction lien. *Id*. at *2. The district court ordered the plaintiff to discharge the lien, and the plaintiff's claim for damages remained pending. In dismissing the appeal of the lien-discharge order for lack of jurisdiction, this Court held that § 1292(a)(1) did not apply. The order was not injunctive. In reach this conclusion, this Court found it especially "important" that the trial court had "not engage[d] in an analysis of the four factors used to judge the propriety of preliminary injunctive relief." *Id*. at *4. "Thus, the district court did not issue the order based upon its traditional equitable powers." *Id*. This Court further held that "courts have limited interlocutory appeals under § 1292(a)(1) to orders that grant or deny in toto or in part injunctive relief demanded in the complaint, rejecting the contention that every coercive order constitutes an injunction." *Id*. at *5 (citations omitted).

Similarly, in *Dunn v. Savage*, 524 F.3d 799 (6th Cir. 2008), this Court followed its prior decision in *R.E. Dailey* and held that the district court's order vacating the appointment of a receiver was not a modification of an injunction and

was not appealable. *Id*. at 804. "Because the Savages' counter-complaint did not demand injunctive relief, the stay incorporated in the receivership order is not considered an injunction that is appealable under § 1292(a)(1). It follows that the order vacating the receivership is not an order modifying an injunction for purposes of § 1292(a)(1)." *Id*.

The same is true of the trial court's March 8 order here. There, the trial court entered a ruling on the parties' motions to enforce (and also Plaintiffs' Rule 60(b)(6) request). The trial court's order had nothing to do with injunctions other than to reaffirm is October 5, 2023 holding that it was not permitted to modify the Term Sheet and issue the "permanent injunction" that Defendants had requested in their renewed motion to enforce. The court's order did not discuss equity powers or the standard for injunctive relief. It was simply an interim order regarding the status of the motion to enforce the Term Sheet, applying principles of contract law. The trial court's March 8 order was not an immediately appealable order within the ambit of § 1292(a)(1).

## B. The March 19 Order Is Not Immediately Appealable Pursuant to § 1292(a)(1).

Defendants' contention that the March 19 order is immediately appealable under § 1292(a)(1) fares no better. The March 19 order was in response to Defendants' "emergency" motion, filed on March 12, 2024, which essentially sought a stay of the trial court's March 8 order. Had defendants titled their motion

as a "motion to stay" the March 8 order (which relief they later moved for in the trial court, and which was denied by the trial court via its April 17, 2024 order), there would be no question that the trial court's March 19 order would not be an appealable interlocutory order under Section 1292(a)(1). "[S]tay orders that merely regulate the course of proceedings do not qualify" under § 1292(a)(1). *Swanson*, 606 F.3d at 832. *See also Emps. Ret. Sys. v. Jones*, Case Nos. 21-3993/4041, 2021 U.S. App. LEXIS 37261, at *3 (6th Cir. Dec. 16, 2021) (dismissing appeal because "[a]n interlocutory order denying a stay of a district court's own proceedings is generally not appealable under § 1292(a)(1)" (citing *Swanson*)); *Vaughan v. Erwin*, Case No. 21-5361, 2021 U.S. App. LEXIS 16795, at *2 (6th Cir. June 4, 2021) ("An order denying a stay is not . . . an appealable interlocutory order under 28 U.S.C. § 1292(a)(1).").

Further, just because Defendants captioned their motion as for "emergency injunctive relief" does not alter the substance of that motion, and use of that phrase does not operate to magically shoehorn the trial court's March 19 order into the limited exception of § 1292(a)(1). Indeed, as discussed above, many federal courts, including this one, have repeatedly held that not everything characterized as an "injunction" falls within the narrow § 1292(a)(1) exception to the general rule barring interlocutory appeal.

Defendants' motion for "emergency injunctive relief" really was just a motion for stay in disguise. Defendants' motion did not cite the four settled factors for injunctive relief, but instead rehashed Defendants' arguments about the Term Sheet. (*See* RE 303.) Similarly, Defendants' reply brief in support of their "emergency" motion only argued about the terms of the Term Sheet, not the injunctive-relief factors. (*See* RE 308.) In its March 19 order, the trial court held that because there had been no determination that any of the files on the disputed devices are Defendants' property that should have been returned under the Term Sheet, "there is no breach of the settlement agreement, and the Court thus lacks authority to grant injunctive relief." (RE 309 at PageID #6713.) The trial court also denied Defendants' request that various devices be "returned" to them, holding that, under the Term Sheet, "the decision to return these devices to Defendants—that is, to comply with the condition precedent of the Term Sheet—is for Plaintiffs to make. The Court will not order that Plaintiffs return the devices at this stage." *Id*. The trial court granted Defendants' request that the forensic examiner maintain copies of the devices, and that there be a thirty-day stay to ensure that copies had been made and also to confirm that returning the devices would not interfere with any pending federal grand jury subpoena. (RE 309 at PageID# 6713-14.)

While Defendants—presumably for the strategic purpose now being made manifest—captioned their motion as one for "emergency injunctive relief," substantively their motion was actually one for a stay of the trial court's March 8 order. Thus, the March 19 order is not an injunction order appealable under § 1292(a)(1), and Defendants' appeal should be dismissed.

### C. Defendants' Remaining Arguments Lack Merit.

Defendants also argue that "the injunctions requested by Appellants were directed at preventing Appellees from obtaining Appellants' intellectual property and trade secrets." (Opp. at 3 n.1.) Defendants' characterization of their motions and the trial court's orders are inaccurate. The trial court issued an order regarding the current status of the parties' motions to enforce the Term Sheet, and set forth further steps that need to be taken. Defendants' claim that the devices—which Plaintiffs voluntarily provided to the forensic examiner for temporary review—contain Defendants' "intellectual property and trade secrets" is based on nothing more than their own unsubstantiated say-so unrelated to the substance of this suit, in which Defendants have never raised any trade-secret claims. As the trial court correctly held, precisely what the devices contain, and thus who will ultimately be entitled to those contents if the Term Sheet is ultimately effectuated, has yet to be determined.

Defendants place much stock in the trial court's statement in its April 17, 2024 order denying Defendants' motion for stay, that the March 8 and March 19 orders are appealable under § 1292(a)(1) because "the Court denied Defendants' requests for injunctions." (Opp. at 2 (citing RE 322 at PageID# 6835 n.2).) The trial court cited to *Crane v. Washington*, No. 18-2361, 2019 U.S. App. LEXIS 104, at *2 (6th Cir. Jan. 2, 2019), but that case is distinguishable, because in *Crane* the plaintiffs moved for preliminary injunction at the outset of the case. This Court dismissed the appeal as related to the denial of plaintiff's motions for class certification and appointment of counsel, but permitted the appeal of the denial of the motion for preliminary injunction. *Id.* at *2. Thus, *Crane* stands for the above demonstrated proposition that a motion for injunctive relief that is part of the complaint and central to the case may be appealable under § 1292(a)(1). That proposition is of no aid to Defendants here and, indeed, further underscores the fundamental differences between a true § 1292(a)(1) injunction order and the trial court's March 8 and March 19 orders here. A trial court's choice or words is not dispositive; rather this Court's analysis must look at the substance of the motions and the orders. The two orders at issue here do not come within § 1292(a)(1).

## CONCLUSION

For the foregoing reasons, and those stated in their opening brief, Plaintiffs-Appellees ask the Court to dismiss Defendants' improper interlocutory appeal.

May 2, 2024                             Respectfully submitted,

                                         /s/ *Jeffrey Saks*
                                        Michael B. Pasternak
                                        THE LAW OFFICE OF MICHAEL PASTERNAK
                                        3681 South Green Road, Suite 411
                                        Beachwood, Ohio 44122
                                        (216) 360-8500
                                        mpasternak1@msn.com

                                        Jeffrey Saks
                                        THE SAKS LAW OFFICE, LLC
                                        3681 South Green Road, Suite 411
                                        Beachwood, Ohio 44122
                                        (216) 255-9696
                                        jsaks@sakslawoffice.com

                                        Emmett E. Robinson
                                        ROBINSON LAW FIRM LLC
                                        6600 Lorain Avenue #731
                                        Cleveland, OH 44102
                                        (216) 505-6900
                                        erobinson@robinsonlegal.org

                                        *Attorneys for Plaintiffs-Appellees*
                                        *Michael Grassi and CFOM, Inc.*

## Certificate of Compliance With Type-Volume Limit

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the portions of this filing that are exempted under Fed. R. App. P. 32(f), this document contains 2,594 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

> /s/ *Jeffrey Saks*
> Jeffrey Saks
>
> *Attorney for Plaintiffs-Appellees*
> *Michael Grassi and CFOM, Inc.*

## Certificate of Service

I hereby certify that on May 2, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts through its electronic filing system. All counsel of record for the parties will receive notice of this filing and can access the filing by operation of the Court's electronic filing system.

> /s/ *Jeffrey Saks*
> Jeffrey Saks
>
> *Attorney for Plaintiffs-Appellees*
> *Michael Grassi and CFOM, Inc.*