No. 24-3291

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

### CFOM, INC. and MICHAEL GRASSI

*Plaintiffs-Appellees*

v.

### ALOTECH LIMITED, LLC and JOHN GRASSI

*Defendants-Appellants*

On Appeal from the United States District Court
for the Northern District of Ohio
Case No. 1:18-cv-2619

### APPELLANTS' MOTION TO FILE REDACTED COPY OF OPENING BRIEF AND UNREDACTED COPY UNDER SEAL

Counsel listed on the following page.

Aaron M. Herzig
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
aherzig@taftlaw.com

John R. Mitchell
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
(216) 706-3909
jmitchell@taftlaw.com

Connor D. Hicks
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
cdhicks@taftlaw.com

*Counsel for Defendants-Appellants*
*Alotech Limited, LLC and John Grassi*

Appellants Alotech Limited, LLC and John Grassi ("Alotech" or "Appellants") move this Court under Fed. R. App. 27(a)(1), 6 Cir. R. 25(h)(2), and 6 Cir. R. 28(d) for an order permitting Alotech to file the Opening Brief in redacted form and to file an unredacted version with this Court under seal. The relief requested complies with the procedure both parties followed in the District Court below. In support of this motion, Alotech states as follows:

This appeal stems from a "Binding and Enforceable Term Sheet" (the "contract") regarding the possession and return of Alotech's intellectual property and trade secrets (the "Trade Secrets") and Alotech's attempts to enforce that contract. Not only does the contract detail Alotech's protected Trade Secrets, but the precise terms of the contract are confidential, as both parties agreed at the time of execution that "[t]his term sheet shall be confidential, except that [Alotech] may show the information in the fourth bullet point to any potential customers, investors, or business partners." (R. 182-1, Term Sheet ¶ 10, PageID 4844.) Throughout years of contentious litigation, this is one of the few points on which the parties can agree. The details of the contract and Alotech's Trade Secrets are set forth in the Opening Brief.

Generally, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson*, 710 F.2d 1165, 1180 (6th Cir. 1983). Even so, "the right to inspect and copy judicial records is not absolute. Every

court has a supervisory power over its own records . . ." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983) (quoting *Nixon v. Warner Comm'ns*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312 (1978)). Courts always have the power to seal records when "interests of privacy outweigh the public's right to know." *Id.* (citing *Williamson*, 710 F.2d at 1179); *see also Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) ("In determining the appropriateness of sealing court records . . . [courts] consider . . . the competing interests of . . . the privacy rights of participants or third parties, trade secrets, and national security."). To meet the burden necessary to seal records, a moving party must show: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors Am. Inc.,* 767 F. App'x 635, 637 (6th Cir. 2019).

Because of the contract's non-disclosure clause and the highly confidential nature of Alotech's Trade Secrets, the parties have sought and received leave to file all pleadings leading up to this appeal (when necessary) with redactions accompanied by an unredacted copy filed under seal. (*See, e.g.*, R. 273, Marginal Entry Order, PageID 6063; R. 286, Marginal Entry Order, PageID 6457.) Even one of the Orders appealed from redacted this privileged information. (*See* R. 301, Order, PageID 6592 (redacted by court).) The District Court also entered a stipulated

protective order more than five years ago to ensure ongoing protection of all "[m]aterial . . . that constitutes proprietary financial, technical, or commercially sensitive competitive information . . . the disclosure of which is likely to cause harm to the competitive position of [either] [p]arty." (R. 23, Stipulated Protective Order, PageID 214-15.) This requested protection is limited in scope to redaction of (i) payment terms and other privileged settlement communications memorialized within the contract and/or (ii) detail of Alotech's Trade Secrets. There is no public interest in obtaining either class of information, nor is there any right to do so.

Because both parties hold an immense interest in the confidentiality of their settlement terms and Alotech holds an invaluable right to the continued secrecy of its Trade Secrets, this Court should permit Alotech to file its Opening Brief with redactions and permit the unredacted version to be filed with this Court under seal. The limited scope of this request is appropriately tailored to the confidentiality considerations outlined and will still ensure that the public retains access to the merits and general facts underlying this litigation.

For these reasons and pursuant to 6 Cir. R. 25(h)(2) and 6 Cir. R. 28(d), Alotech asks that this Court permit it to file a redacted version of its Opening Brief on the public docket, with an unredacted version to be filed under seal.

Respectfully submitted,

*/s/ Aaron M. Herzig*
Aaron M. Herzig
Connor D. Hicks
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
aherzig@taftlaw.com
cdhicks@taftlaw.com

John R. Mitchell
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-302
Phone: (216) 706-3909
jmitchell@taftlaw.com

*Counsel for Appellants*
*Alotech Limited, LLC and John Grassi*

4

## CERTIFICATE OF COMPLIANCE

This Brief complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because it contains 739 words.

This Brief also complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

Dated: May 16, 2024

*/s/ Aaron M. Herzig*

## CERTIFICATE OF SERVICE

I certify that on May 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Aaron M. Herzig*
