No. 24-3291

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
May 17, 2024
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| MICHAEL GRASSI, et al., | ) |
| | ) |
|    Plaintiffs-Appellees, | ) |
| | ) |
| v. | )   O R D E R |
| | ) |
| JOHN GRASSI, et al., | ) |
| | ) |
|    Defendants-Appellants. | ) |

Before: BATCHELDER, GRIFFIN, and STRANCH, Circuit Judges.

Defendants John Grassi and Alotech Limited, LLC appeal two interlocutory district court orders denying them injunctive relief. They move on an emergency basis to stay the district court's March 19, 2024, order denying them a preliminary injunction, effectively directing nonparty forensic examiner Ernst & Young (now known as EY) to return to Plaintiffs Michael Grassi and CFOM, Inc. by April 19, 2024, all devices and access information that Plaintiffs previously provided to Ernst & Young. Defendants claim this information constitutes or otherwise contains Alotech's property. We ordered an administrative stay on April 18, 2024. Plaintiffs oppose the stay motion and also move to dismiss the appeal for lack of jurisdiction. Defendants oppose the motion to dismiss.

We first consider Plaintiffs' motion to dismiss. Pursuant to 28 U.S.C. § 1292(a)(1), we have jurisdiction over interlocutory orders denying injunctions, as well as "orders that have the

practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." *AmSouth Bank v. Dale*, 386 F.3d 763, 772 (6th Cir. 2004) (cleaned up).  Although Defendants assert that we have jurisdiction over this appeal pursuant to § 1292(a)(1), Plaintiffs disagree.  Plaintiffs primarily argue that the district court's March 19, 2024, order constituted an order denying a stay in disguise.

While Plaintiffs are correct that "our jurisdiction is not controlled by the name that a claimant attaches to a motion or the name that a district court attaches to an order," *Workman v. Bredesen*, 486 F.3d 896, 904 (6th Cir. 2007), a substantive review of Defendants' underlying motion and the March 19, 2024, order reflects that the relief sought and denied was injunctive within the meaning of § 1292(a)(1).  Defendants' emergency motion sought, in part, a preliminary injunction to prevent Plaintiffs from taking possession of Alotech property.  This request—which underlies this appeal—was, at its core, for *in personam* merits-based relief, in part based on Defendants' assertion that they were entitled to an injunction by the plain language of the Term Sheet, including paragraph five of the Contractor Confidentiality and Work Product Agreement. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) (quoting *Injunction*, Black's Law Dictionary 784(6th ed. 1990).  The district court similarly understood that it had denied a request for an injunction within the scope of § 1292(a)(1).  The analysis for the district court's March 8, 2024, order is functionally equivalent.  Plaintiffs' remaining arguments are meritless. *See Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 545 (6th Cir. 2005) (acknowledging that we may also review rulings which "form the basis for the district court's decision").  Thus, we have jurisdiction over this appeal and turn to Defendants' motion for a stay pending appeal.

In determining whether a stay should be granted under Federal Rule of Appellate Procedure 8(a), we evaluate four factors:  "(1) the likelihood that the [movant] will prevail on the merits of

the appeal; (2) the likelihood that the [movant] will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Generally, "[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the [party] will suffer absent the stay." *A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 919 (6th Cir. 2018) (citation omitted). But "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.* (citation omitted). Because we find the second factor—irreparable harm—dispositive, we address it below.

"[S]imply showing some possibility of irreparable injury" is insufficient to "satisfy the second factor." *Nken*, 556 U.S. at 434–35 (cleaned up). "In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Griepentrog*, 945 F.2d at 154. "[T]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id*. (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Moreover, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.*

We need not address the merits of Defendants' claims because they have not shown that they face irreparable injury absent a stay. They have not established that the stipulation of irreparable harm in the Contractor Confidentiality and Work Product Agreement is dispositive, nor have they demonstrated that the devices and data in Ernst & Young's possession contain or

constitute trade secrets. All that has been established at this juncture is that Ernst & Young located approximately 41,000 files that require further review.

The speculative and non-immediate nature of the alleged harm is evidenced by Defendants' own conduct. Although Defendants alleged in 2018 that Michael Grassi removed several items of Alotech property, including a computer and external hard drives containing source code, they never counterclaimed for misappropriation of trade secrets, and they abandoned their related conversion claim prior to trial. Put simply, Defendants' prior inaction belies their current assertions of urgency and irreparable harm.

And while Defendants assert that Plaintiffs have destroyed or altered trade secret data in the course of the litigation, and that nothing stops them from doing so again, the only data presently at issue is the data in Ernst & Young's possession. Defendants were ordered to instruct Ernst & Young to maintain copies of the devices and data at Defendants' expense, eliminating any meaningful concerns of property destruction by Plaintiffs. Lastly, if there is any harm to Defendants' physical property, it can be remedied monetarily if they prevail.

Accordingly, the motion to dismiss is **DENIED**, the motion for a stay pending appeal is **DENIED**, and the administrative stay is **VACATED**.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk